08-2078-cv
Robinson v. Sanctuary Records

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of July, two thousand ten.**

PRESENT:

> CHESTER J. STRAUB,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

Sylvia Robinson, Sylvia, Inc., Joseph Robinson Jr., individually and as a member of "The Sugar Hill Gang," Henry Jackson Jr., Michael Wright, professionally known as "The Sugar Hill Gang," George Kerr, Wesaline Music, Jonathan Williams, Clifton Chase, and Edward Fletcher,

> *Plaintiffs-Appellees-Cross-Appellants*,

> v.                                                      08-2078-cv, 08-2320-cv, 08-2333-cv

Sanctuary Music,

> *Defendant*,

Sanctuary Records Group, Ltd., Sanctuary Copyrights, Ltd.,

> *Defendants-Appellants-Cross-Appellees*.

_____

FOR PLAINTIFFS-APPELLEES-
CROSS-APPELLANTS:     JAMES P. CINQUE, Cinque & Cinque, New York, NY

FOR DEFENDANTS-APPELLANTS-
CROSS-APPELLEES:     HELENE MARIAN FREEMAN (BRUCE R. EWING, *on the brief*), Dorsey & Whitney, New York, NY

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the default judgment of the district court is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

Defendants-appellants-cross-appellees Sanctuary Records Group, Ltd., and Sanctuary Copyrights, Ltd., ("Appellants"), appeal from an order of the United States District Court for the Southern District of New York (Owen, *J.*), declining to vacate a default judgment and granting relief in the form of rescission of certain agreements regarding overseas royalty rights and obligations. Plaintiffs-appellees-cross-appellants ("Appellees"), record producers and recording artists who were parties to agreements with Sugar Hill Records, Inc. ("Sugar Hill"), and its predecessors and affiliated companies, cross-appeal from the final judgment of the district court (Marrero, *J.*) denying relief in the form of damages and dismissing the complaint, but not vacating the entry of default judgment. For the reasons that follow, we conclude that although it was not an abuse of the district court's discretion to substitute Appellants for "Sanctuary Music" pursuant to Federal Rule of Civil Procedure 60(a), it was an abuse of discretion to deny Appellants' motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 55(c). We assume the parties' familiarity with the underlying facts and procedural history in this case.

*I.     Background*

Appellee Sylvia Robinson and her late husband owned Sugar Hill. She produced records

2

through Appellee Sylvia, Inc. According to the complaint, the Robinsons sold master recordings and related assets to Rhino Records, Inc. ("Rhino") and Castle Copyrights Limited ("Castle") in an asset purchase agreement ("APA") dated May 31, 1995. Also according to the complaint, Rhino assigned Castle the right to exploit the master recordings subject to the APA for the world outside of North America, South America, the Carribean, and Japan (the "Foreign Rights"). Castle then assigned the Foreign Rights to "defendant Sanctuary."

Appellees brought this action naming "Sanctuary Music" as the sole defendant in the caption of their complaint. Appellees contended that they were owed royalties from Sanctuary Music, but that they had received no accountings or payments. The complaint sought: (1) rescission of the Foreign Rights under agreements the plaintiffs had entered into with Sugar Hill and an order directing "Sanctuary" to account for and pay plaintiffs all monies received in connection with the Foreign Rights or, alternatively, (2) an accounting and payment of royalties due.

On April 16, 2004, Appellees applied for a default judgment, asserting, in pertinent part, that "Sanctuary Music" had been served "by personal service upon Tim Smith, defendant's Senior Vice-President of Business Affairs, on February 25, 2004, at defendant's offices located at 45-53 Sinclair Road, London W14 ONS, England." In this purported service of process in England, a process server went to a building called "Sanctuary House" at 45-43 Sinclair Road, London, with a sealed envelope to serve "Sanctuary Music." The envelope bore the address "82 Bishops Bridge Road, 1st Floor, London W2 6BB, England." In an affidavit submitted to the district court in support of Appellees' motion to vacate the default judgment, Mr. Smith stated that he told the process server he could not accept the sealed envelope because the envelope bore neither his company's name or its address. Smith gave the server a handwritten note reading: "We are refusing to accept service of

3

papers, as these have been drawn in the name of 'Sanctuary Music.' I confirm that there is no legal entity in the Sanctuary Group with the name 'Sanctuary Music.'" The server took the note but refused to take the envelope back, and in the server's presence Smith discarded the envelope unopened. It is undisputed that there is no entity named "Sanctuary Music."

On April 19, 2004, the clerk of the court entered the certificate of default in the form proposed by Appellees. On May 28, 2004, Judge Owen ordered a default judgment in which he directed rescission of the agreements concerning the Foreign Rights and ordered the designated magistrate judge to conduct an inquiry into damages. Eleven days before the district court entered this default judgment, however, on May 17, 2004, Hague Convention service forms were delivered to Sanctuary Records Group. In June 2004, after being served pursuant to the Hague Convention, Sanctuary Records Group appeared in the case and secured an order requiring Appellees to show cause why the default judgment should not be set aside pursuant to Rules 55(c) and 60 of the Federal Rules of Civil Procedure on the grounds that Sanctuary Records Group and Sanctuary Copyrights—which had not been served even pursuant to the Hague Convention but joined in this application because it owned the master recordings at issue—had not been properly served.

Appellees responded to the motion to vacate the default judgment with a cross-motion pursuant to Federal Rule of Civil Procedure 60(a) to amend the summons, complaint, and default judgment to substitute Appellants as the named defendants in place of Sanctuary Music, *nunc pro tunc*. The court denied Appellants' motion to vacate the default judgment but granted Appellees' cross-motion for substitution of the named defendants. After a trial on damages, Judge Marrero, to whom the case had been reassigned, held that Appellees failed to prove damages to a reasonable certainty and directed the clerk to enter judgment dismissing the complaint but did not vacate the

4

default judgment.

On appeal, Appellants argue, *inter alia*, that the district court lacked the power to amend the caption under Rule 60(a) and that it erred in denying their motion to vacate the default judgment. Because we disagree with Appellants' first contention but agree with their second, we vacate and remand on that basis and do not reach any of the other issues raised by the parties.

## II. Rule 60(a)

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In this Circuit, in appropriate circumstances, a district court may employ this Rule to correct misnomers in a party's name. *See Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 324-26 (2d Cir. 1973). Such a misnomer may be corrected when "plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant." *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990). Factors important to this Court's determination in *Teledyne* that one party name could be substituted for another were that "[p]laintiffs identified the defendant in several ways," the defendant's correct address appeared on the complaint, and the complaint listed a corporate entity with a name similar to the defendant's when the defendant's actual name was not readily discernable. *Id.* This Court reviews a district court's decision on a Rule 60 motion for abuse of discretion. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994).

Here, we believe that Appellees did not select the wrong defendant when they named "Sanctuary Music" in their complaint, but rather mislabeled the right defendant. Had Mr. Smith opened the envelope he was served at his place of business, he would have realized that Appellees

wished to sue the entity that holds the rights to the master recordings that form the basis for this dispute. Although the envelope attempted to be served on Mr. Smith did not bear Appellants' address, it was physically served on Mr. Smith—a Sanctuary Records Group vice president—at Appellants' proper address. Finally, although there is no entity called "Sanctuary Music," there are multiple entities that include the moniker "Sanctuary," all in the music business. It appears to us that, "under the circumstances, it is clear that it was [Appellants] . . . the [Appellees] sought to hold liable," *Fluoro Elec. Corp.*, 489 F.2d at 325, and the district court therefore did not abuse its discretion in amending the summons, complaint, and default judgment to so reflect.

### III. *Default Judgment*

We review the denial of a motion for relief from a default judgment for abuse of discretion, but "we may reverse . . . even where the abuse of discretion is not glaring." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996) (internal quotation marks omitted). "[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also Am. Alliance Ins. Co.*, 92 F.3d at 62 (noting a "strong preference for resolving disputes on the merits"). Rule 55(c) provides that a default judgment may be vacated for "good cause" shown. Fed. R. Civ. P. 55(c). In making this determination, we have held that a district court's decision should be informed by three factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *Green*, 420 F.3d at 108 (quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004)). We may also consider

"relevant equitable factors," including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

We have no difficulty concluding that all of these factors point to vacatur here, especially against the backdrop of this Circuit's preference for resolving disputes on the merits. Appellants' unhesitating appearance in the case upon proper Hague Convention service indicates that their default was not willful and that they acted in good faith; an entry of a default judgment here is fairly called "harsh" for the same reason. Appellees will not be prejudiced upon vacatur of the default as they have not shown that the delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted). And the Supreme Court has held that where the asserted basis for vacatur of a default judgment is lack of notice, a meritorious defense need not be shown. *See Peralta v. Heights Med. Ctr, Inc.*, 485 U.S. 80, 86-87 (1988). Appellants therefore did not need to assert a meritorious defense in support of their motion before the district court. For these reasons, we vacate the default judgment.

For the foregoing reasons, the default judgment of the district court is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk