Sylvia ROBINSON et al., Plaintiffs,

v.

SANCTUARY RECORD GROUPS,
LTD. and Sanctuary Copyrights,
Ltd., Defendants.

No. 03 CV 10235(VM).

United States District Court,
S.D. New York.

Feb. 1, 2011.

James P. Cinque, Cinque & Cinque, New York, NY, for Plaintiffs.

Helene Marian Freeman, Dorsey & Whitney LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs Sylvia Robinson, Sylvia, Inc., Joseph Robinson, Jr., Henry Jackson, Jr., Michael Wright, George Kerr, Wesaline Music, Jonathan Williams, Clifton Chase, and Edward Fletcher (collectively, "Plaintiffs") are individuals and entities associated with various well-known musical groups, including "The Sugar Hill Gang," "Grand Master Flash," "The Wall Street Mob," "The Furious Five," and "Grand Master Melle Mel." Sanctuary Records Group, Ltd. and Sanctuary Copyrights, Ltd. (collectively, "Defendants") are record companies. Plaintiffs commenced this action on December 29, 2003, seeking rescission of certain musical recording agreements (the "Recording Agreements"), and incidental damages flowing from exploitation of Plaintiffs' musical recordings or, in the alternative, an order directing "Sanctuary to account and pay [P]laintiffs all royalties due to them pursuant to the terms of the [Recording] Agreements." (Compl. ¶ 40.) After Defendants failed to file an answer or otherwise move with respect to Plaintiffs' complaint, a default judgment was entered against Defendants on May 28, 2004 by Order of the Honorable Richard Owen (the "Default Judgment"). Judge Owen later referred the matter to Magistrate Judge Gabriel W. Gorenstein for an inquest on damages. On March 30, 2006, following a hearing on damages, Magistrate Judge Gorenstein issued a Report and Recommendation (the "Report") concluding that Plaintiffs should not be awarded any damages based on rescission because they failed to establish sufficient grounds for an award on that ground. After receiving Plaintiffs' objections to the Report, Judge Owen held a bench trial from May 29, 2007 through June 1, 2007 on the sole issue of damages (the "Trial").

Upon review of the Report, the Trial, and factual record, this Court issued a Decision and Order dated March 24, 2008 (the "March 2008 Decision and Order") entering the Default Judgment and finding that Plaintiffs "failed to present any reliable evidence upon which the Court can calculate damages" and thus Plaintiffs "should not be awarded any damages pursuant to the Default Judgment." *Robinson v. Sanctuary Record Groups, Ltd.*, 542 F.Supp.2d 284, 294 (S.D.N.Y.2008). Subsequently, Defendants filed a Notice of Motion to amend the March 2008 Decision and Order, or in the alternative, to vacate the entry of the Default Judgment under Rules 55(c) and 60(a) of the Federal Rules of Civil Procedure. By Decision and Order dated April 16, 2008, this Court denied Defendant's motion. Defendants appealed the denial of their motion to vacate the entry of default Judgment, and Plaintiffs cross-appealed the findings on damages.

On July 1, 2010, by Summary Order, the Second Circuit Court of Appeals vacated the entry of default judgment and remanded the case to this Court for further proceedings. *See Robinson v. Sanctuary Music*, 383 Fed.Appx. 54 (2d Cir.2010). The Second Circuit did not reach the issue of damages.

Following the issuance of the Second Circuit's Mandate, Defendants, by letter dated November 18, 2010, requested a pre-motion conference to discuss Defendants' proposed motion for summary judgment. Defendants contend that summary judgment is warranted because the "law of the case" doctrine bars Plaintiffs from obtaining any monetary recovery because the Second Circuit did not disturb this Court's conclusion that Plaintiffs should not be awarded any damages. Therefore, Plaintiffs' breach of contract action cannot survive.

In response, by letter dated November 23, 2010, Plaintiffs argue that because the Second Circuit vacated the Default Judgment, the procedural posture of the case should continue as if it had just been commenced, i.e., Defendants must answer or otherwise move with respect to the complaint. Furthermore, Plaintiffs claim that if the Second Circuit intended to affirm this Court's findings regarding damages it would have considered that issue on appeal rather than remanding the case for further adjudication. Plaintiffs also argue that on remand they are entitled to assert their alternate claim for compensatory damages because they never litigated that issue in the prior proceedings.

■ On November 23, 2010, the Court held a telephonic conference with the parties and subsequently directed them to submit letter-briefs addressing the issue of what effect the Second Circuit's remand had on the existing Court rulings on the issue of damages. In a letter dated December 10, 2010 (the "December 10 Letter"), which this Court deems a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants provided additional legal authority as to why this Court's findings with respect to damages should remain the "law of the case." Defendants argue that the Second Circuit has unambiguously held that "the findings of a district court not expressly or implicitly addressed on appeal remain the law of the case." *Am. Hotel Int'l Gp., Inc. v. OneBeacon Ins. Co.*, 374 Fed.Appx. 71, 74 (2d Cir.2010) (*citing In re PCH Assocs.*, 949 F.2d 585, 593 (2d Cir.1991) ("[T]he issue was decided ... and was not disapproved by the appellate court. It is ... law of the case.")).

By letter dated December 30, 2010, Plaintiffs responded, arguing that because the issue of damages was not reviewed by the Second Circuit, collateral estoppel and law of the case do not bar Plaintiffs from litigating this unreviewed issue on remand. In support of this proposition, Plaintiffs rely on *Aviall, Inc. v. Ryder System, Inc.*, 110 F.3d 892, 897–98 (2d Cir.1997), which held, in part, that "a party cannot be considered to have had a full and fair opportunity to litigate an issue, and issue preclusion cannot apply, if there is an inability to obtain [appellate] review or there has been no review, even though an appeal was taken" (internal citation marks and quotations omitted).

In their reply letter dated January 7, 2010, Defendants claim that Plaintiffs' reliance on the *Aviall* case is misplaced because the Second Circuit was not presented with the issue of the "law of the case" or issue preclusion, but rather addressed the authority of a court to remove an arbitrator under the Federal Arbitration Act for "evident partiality." In dicta, the *Aviall* Court opined that its decision would not have a preclusive effect on a subsequent action brought by appellants to set aside the arbitrator's award. This fact pattern is distinguished from the situation at hand where the Court must evaluate the preclusive effect of an appellate decision in the same action as opposed to a decision in a separate earlier action.

■ Upon review of the relevant legal authorities presented by both parties, the Court finds Defendants' arguments more compelling. The Court is persuaded that, as in this case, a finding of a district court that was properly challenged on appeal though not expressly or implicitly addressed by an appellate court remains the law of the case. Accordingly, this Court concludes that its prior determination that Plaintiffs had not established sufficient grounds to be awarded any rescission damages should not be disturbed despite the Second Circuit's decision to vacate the default judgment and remand for further

proceedings.[1] The Court, however, is mindful that because the Second Circuit did not conclusively determine the issue of rescission damages, the appellate court is not precluded from deciding that issue on a subsequent appeal.

■ Plaintiffs contend, without any support, that even if the law of the case were applicable to the claim for rescission damages, that doctrine does not apply to plaintiffs' entitlement to rescission. On the other hand, Defendants assert that Plaintiffs' request for the equitable remedy of rescission is unsupportable as a matter of law. They argue that: (1) Plaintiffs had an adequate remedy at law for an alleged breach of contract; (2) Plaintiffs do not allege a total non-payment of royalties; (3) Plaintiffs' request for rescission is untimely; (4) the status quo preceding the agreements sought to be rescinded cannot be substantially restored; and (5) the partial rescission Plaintiffs seek is barred by law. The Court agrees that Plaintiffs are foreclosed from pursuing rescission because, among other things, they had the ability to pursue monetary damages—a sufficient remedy at law—and elected not to do so. *See Laugh Factory, Inc. v. Basciano*, 608 F.Supp.2d 549, 559–60 (S.D.N.Y.2009) ("[T]he return of the money is indeed an adequate legal remedy that bars the claim in equity [for rescission.").

■ The Court is also persuaded that Plaintiffs are barred from pursuing their compensatory damages claim at this time.

The Second Circuit's decision to vacate and remand these proceedings is not the occasion to raise new arguments or legal theories. Plaintiffs expressly elected not to pursue the issue of compensatory damages despite Judge Gorenstein's request for briefing on the subject, nor did Plaintiffs' argue that alternative remedy before this Court or on appeal. Furthermore, as noted in Defendants' December 10 Letter, any compensatory damages would have been the royalty amounts allegedly owed under the Recording Agreements. To prove compensatory damages, Plaintiffs would be required to make the same argument that they failed to prove at the Trial—the connection of the alleged royalty underpayments to the recordings at issue. Despite Plaintiffs' efforts, they have continuously failed to meet their burden with respect to this issue and thus are prevented now from getting a second bite at the apple.

Defendants, therefore, assert that because Plaintiffs are unable to obtain any monetary or equitable relief, their motion for summary judgment should be granted. Accordingly, it is hereby

**ORDERED** that Plaintiffs Sylvia Robinson, Sylvia, Inc., Joseph Robinson, Jr., Henry Jackson, Jr., Michael Wright, George Kerr, Wesaline Music, Jonathan Williams, Clifton Chase, and Edward Fletcher are directed to show cause, by February 15, 2011 as to why the Court should not reaffirm its prior rulings on

---

1. The issue of the sufficiency of Plaintiffs' claim for rescission damages has been reviewed three times before, first by Magistrate Judge Gorenstein, followed by Judge Owen, and finally by this Court. All three adjudicators separately found that Plaintiffs did not meet their burden of proving reasonable damages. Nonetheless, even without regard to the "law of the case" doctrine, after an independent review of the parties' submissions and the substantial factual record in this ac-

tion, this Court again finds that Plaintiffs cannot meet their burden of proving reasonable damages. Accordingly, even if the Court found sufficient grounds to warrant allowing Plaintiffs to reopen this aspect of their action, the proceedings would nonetheless result in a futile exercise *because* Plaintiffs cannot undo the record compellingly demonstrating that they were unable to prove damages. The mere passage of times can do nothing to alter the evidence already on that record.

damages, or otherwise grant the motion of defendants Sanctuary Records Group, Ltd. and Sanctuary Copyrights, Ltd. (the "Defendants") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure that the Court has deemed contained in Defendants letter of December 10, 2010.

**SO ORDERED.**