NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-742

EDWARD VALLERY

vs.

JOSEPH MAURO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Edward Vallery, appeals from an order denying his motion to amend the $320,000 default judgment he obtained in this case, and also from an order denying his motion for reconsideration.  The motion to amend was beguilingly simple:  the plaintiff sought to change the name of the defendant -- from Joseph Mauro to Joseph Mauro, Jr.  The basis for the plaintiff's motion was that the two names allegedly identify the same person; in his motion for reconsideration, the defendant asserted that "there is no contention that Joseph Mauro is not the same individual as Joseph Mauro, Jr."  The reason for the plaintiff's motion was that absent the change of the name of the defendant, the plaintiff had been and would be denied the ability to execute on what he claims is the defendant's property in Medford.  The motion judge was not

convinced, however; he ruled that "[a]dding 'Jr.' to the defendant's name [wa]s material," and that he was "far from persuaded that the change [wa]s innocuous" or "consistent with due process."

On the record before us, we must affirm the denial of the motions. As we note below, however, there may be a means for the plaintiff to avoid the predicament in which he finds himself, if he can establish the facts regarding this litigation that he asserts on appeal to this court, but which were not in the record presented to the motion judge.

Background. On November 24, 2019, the plaintiff was stabbed just outside the Sons of Italy social club in the City of Medford, after which he was hospitalized, and the police were called. The assault was captured on video and the perpetrator was identified as a person who frequented the club, one Joseph Mauro. Mauro was arrested and charged with armed assault with intent to murder, and assault and battery with a dangerous weapon. The police report of the incident, which included a photograph, identified the arrestee as "Joseph Mauro," with a "True Name" of "Joseph Mauro, Jr."

The plaintiff brought this tort suit some sixteen months later, in March of 2021. The defendant named in the complaint is "Joseph Mauro," with the same address shown on the police report -- 92 Whittier Road, Medford. The police report was not

2

attached to the complaint, and the complaint does not mention "Joseph Mauro, Jr."  The April 20, 2021, return of service, as reflected on the docket, is incomplete as it does not show how the complaint was served, or if it was served in hand.  The plaintiff also moved for an attachment of real estate owned by the defendant in Middlesex County, which the court granted on April 21, 2021, and which was served, not in hand, but by leaving it at 92 Whittier Road, the defendant's alleged "last and usual place of abode."  The motion for attachment did attach the police report, and for that reason the police report and booking record, designating the arrestee's "True Name" as "Joseph Mauro, Jr.," can be found in the record.

The defendant did not answer, the plaintiff moved for entry of a default, and the defendant was defaulted on July 13, 2021.  The court scheduled an assessment of damages hearing for September 2021, which was continued to November 2021.  After the November hearing, the court found damages of $290,000, and after adding interest and costs, final judgment entered on February 14, 2022 for $320,997.02.

We have not been provided a transcript of the assessment of damages hearing, and we have no record of who was present or testified.  Nevertheless, we pause here to add some important alleged facts that are not in the record before us, but that the plaintiff's counsel has asserted both at argument and in his

brief.  Counsel represents that the plaintiff testified at the assessment of damages hearing.  He also represents that the defendant Joseph Mauro appeared, both at the time originally scheduled in September of 2021, and again at the actual hearing in November of 2021.  The defendant allegedly represented himself and was afforded, and apparently exercised, "the opportunity to cross-examine."

After final judgment entered, the plaintiff sought to execute on the judgment by first, recording it against the property at 92 Whittier Road.  His attempt to record the judgment was rejected by the registry of deeds, however, because the 92 Whittier Road property was held under the name Joseph Mauro, Jr., which was not the name on the judgment.  The plaintiff then filed a "motion to amend the judgment" on June 6, 2022.  The motion stated that it was "to conform to the evidence" and asked that the judgment be "corrected" to name "Joseph Mauro, Jr."  It stated that the plaintiff "only discovered that 'Jr.' was added to the [d]efendant's name on the deed to the home at the time the execution was served upon the registry."

The motion to amend contained no evidentiary proof that the defendant "Joseph Mauro" is the same person as "Joseph Mauro, Jr.," nor did it contain proof that "Joseph Mauro, Jr." of 92 Whittier Road ever had been notified of, or appeared in, this

4

action.  For example, the plaintiff did not attach or reference the police report, or the proceedings or transcript of the assessment of damages hearing.  The judge who addressed the motion to amend was not the same judge who held the assessment of damages hearing, and not surprisingly, he denied the motion, noting:  "The judgment and execution reflect what was adjudicated.  Adding 'Jr[.]' changes the [d]efendant's identity."

Thereafter, the plaintiff filed a "motion to reconsider the denial to add Jr. to the judgment."  This time, the plaintiff cited some case law under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), and also asserted that "there is no contention that Joseph Mauro is not the same individual as Joseph Mauro, Jr."  Once again, however, the motion did not include an evidentiary basis for the assertion that the defendant Joseph Mauro was the same person as Joseph Mauro, Jr. of 92 Whittier Road.  The motion was denied, and this appeal followed.

Discussion.  On the record before him, the judge correctly denied the motion to amend the judgment, as well as the motion to reconsider.  A defendant named Joseph Mauro, Jr. of 92 Whittier Road, Medford is, manifestly, not necessarily the same person as the defendant Joseph Mauro of 92 Whittier Road.  Assuming arguendo that those two names identify the same person, the plaintiff needed to make an evidentiary showing to that

5

effect, sufficient to satisfy the motion judge that it was reasonable and consistent with the rules of civil procedure and due process, to amend the judgment as requested. Cf. Labor v. Sun Hill Indus., Inc., 48 Mass. App. Ct. 369, 373 (1999) (amendment of plaintiff's name allowed where other party was on "actual notice of the amendment"); Robinson v. Sanctuary Music, 383 Fed. Appx. 54, 57 (2d Cir. 2010) (amendment of defendant's name allowed under Fed. R. Civ. P. 60 [a] when "plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant" [citation omitted]); 11 Wright, Miller & Kane, Federal Practice and Procedure §§ 2854-2855, at 307-308, 316 (3d ed. 2012) (rule 60 [a] may be used to correct a misnomer of a party; evidence must be "clear and convincing to justify alteration of the judgment"). The motion judge could not amend the defendant's name after judgment unless he was satisfied, at least, that the person identified by the amended name had been served with the complaint, and had been afforded a full and fair opportunity to appear and to defend against the claims. Cf. Fluoro Elec. Corp. v. Branford Assocs., 489 F.2d 320, 325-326 (2d Cir. 1973) (amending defendant's name in the judgment after trial where "it [was] clear that it was [the amended defendant] which the plaintiff sought to hold liable"). The material presented with the motion to amend and the motion

6

for reconsideration did not make this showing.  The motions thus were properly denied.

As noted, in his appellate brief and at oral argument, the plaintiff asserts that Joseph Mauro, Jr. (also known as Joseph Mauro) actually appeared before the court twice in this case, pro se, as the defendant.  Most importantly, we are told that a person of the name Joseph Mauro, Jr. was present at the assessment of damages hearing, appeared as the defendant, and was offered and took the opportunity to cross-examine the plaintiff.  These facts were not stated in the motion to amend or the motion for reconsideration, nor was any transcript of the hearing provided to the motion judge, or to this court.  The facts as represented, however, indicate that the evidence at trial may have showed that the proper defendant was in fact, Joseph Mauro, Jr.  They thus might provide a basis for action, inter alia, under Mass. R. Civ. P. 15 (b), 365 Mass. 761 (1974) (perhaps in conjunction with other rules, see Mass. R. Civ. P. 60[a] and [b]).[1]  Rule 15 (b) states in pertinent part:

> "When issues not raised by the pleadings are tried by
> express or implied consent of the parties, they shall be
> treated in all respects as if they had been raised in the
> pleadings.  Such amendment of the pleadings as may be
> necessary to cause them to conform to the evidence and to

---

[1] Cf. Labor, 480 Mass. App. Ct. at 370 (deciding similar issue under rule 60(a) "to correct the pleadings and judgment to reflect the true identity of the plaintiffs"); Robinson, 383 Fed. Appx. at 57 (judge may employ rule 60(a) to correct a misnamed defendant after judgment).

7

raise these issues <u>may be made upon motion of any party at any time, even after judgment</u>; but failure so to amend does not affect the result of the trial of these issues" (emphasis added).

As discussed herein, the motions under review did not set forth the alleged facts regarding the assessment of damages hearing mentioned above.  The orders denying the motion to amend the judgment, and the motion for reconsideration, are accordingly affirmed.

<u>So ordered</u>.

By the Court (Meade,
  Englander & Walsh, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  May 17, 2023.

_____

[2] The panelists are listed in order of seniority.